Mark D. Parker
Shawn P. Cosgrove
**PARKER, HEITZ & COSGROVE, PLLC**
401 N. 31st Street, Suite 805
P.O. Box 7212
Billings, Montana 59103-7212
Ph: (406) 245-9991
Fax: (406) 245-0971
email: markdparker@parker-law.com
       shawn@parker-law.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **JENNIFER SCHRIEFFER, f/k/a JENNIFER POLK,**<br><br>    Plaintiff,<br><br>vs.<br><br>**SHERIDAN ELECTRIC CO-OP., INC.,** | ) Cause No. CV-10-02-GF-SEH<br>)<br>)<br>)<br>)<br>) **COMPLAINT AND JURY**<br>) **TRIAL DEMAND**<br>)<br>)<br>) |

* * * * * * * * * * * * * * *

COMES NOW, Plaintiff Jennifer Schrieffer, formerly known as Jennifer Polk, by and through counsel of record, and for her Complaint, alleges and states as follows:

///

**Complaint and Jury Trial Demand**                                          Page 1 of 7

## JURISDICTION

1. Jennifer Schrieffer is a citizen of the state of Louisiana, and a resident of the state of Louisiana.

2. Sheridan Electric Co-Op., Inc. (Sheridan Electric) has its principal place of business in the state of Montana, and is organized under the state of Montana.

3. The Court has diversity jurisdiction as the amount in controversy exceeds $75,000 exclusive of attorneys' fees, interests, and costs.

4. Jennifer Schrieffer was hired by Sheridan Electric on August 14, 2000.

5. Jennifer Schrieffer completed all probationary periods of employment with Defendant, Sheridan Electric.

## COUNT I - TERMINATION NOT FOR GOOD CAUSE

6. Jennifer Schrieffer hereby incorporates and reasserts each and every allegation contained in ¶¶ 1-5 above as though fully set forth herein.

7. Jennifer Schrieffer was terminated on February 13, 2009, without good cause from her employment with Sheridan Electric in violation of Montana's Wrongful Discharge from Employment Act, § 39-2-904(b), M.C.A.

///

## COUNT II – TERMINATION IN VIOLATION OF WRITTEN PERSONNEL POLICY NO. VI-C-4

8.  Jennifer Schrieffer hereby incorporates and reasserts each and every allegation contained in ¶¶ 1-7 above as though fully set forth herein.

9.  Jennifer Schrieffer's termination of employment was in violation of Policy VI-C-4, "Method of Handling Personnel Problems," in that the objective of Policy IV-C-4 is "[t]o assure that all problems relating to personnel practices and administration will be promptly handled" and "[t]o establish a system which all employees can follow to assure prompt hearing and systematic follow-up on any grievance."

10. Jennifer Schrieffer was fired without the benefit of any of the provisions of Policy VI-C-4 or procedures being made available to her.

## COUNT III – TERMINATION IN VIOLATION OF WRITTEN PERSONNEL POLICY NO. VI-C-5

11. Jennifer Schrieffer hereby incorporates and reasserts each and every allegation contained in ¶¶ 1-10 above as though fully set forth herein.

12. Sheridan Electric has established written Policy VI-C-5, entitled "Work Rules and Termination of Personnel."

13. Sheridan Electric personnel policy, which is described as, "Work Rules and Termination of Personnel" policy provides that one of its objectives is

"[t]o establish clearly defined termination practices which consider the welfare and security of the employees and the well being of the Cooperative."

14.  Jennifer Schrieffer's termination took place without any consideration of her welfare.

### COUNT IV – TERMINATION IN VIOLATION OF WRITTEN PERSONNEL POLICY NO. VI-C-5

15.  Jennifer Schrieffer hereby incorporates and reasserts each and every allegation contained in ¶¶ 1-14 above as though fully set forth herein.

16.  The employment policy VI-C-5 from Sheridan Electric provides that there can be lay-off of employees because of "lack of work."

17.  Jennifer Schrieffer was informed she was being laid off because of "lack of work."

18.  Jennifer Schrieffer is informed and believes that there was no "lack of work" and that there was a good deal of work to be performed for which she was eligible and competent.

19.  The termination of Jennifer Schrieffer violated work Rule VI-C-5(III)(C), which states, "[w]ork rules are to be enforced fairly and uniformly, and not in an arbitrary manner by supervisors."

20.  In this case, Jennifer Schrieffer had no warning that the manner in

which she conducted her employment was going to result in being fired.

## COUNT V – TERMINATION IN VIOLATION OF WRITTEN PERSONNEL POLICY NO. VI-C-5

21.   Jennifer Schrieffer hereby incorporates and reasserts each and every allegation contained in ¶¶ 1-20 above as though fully set forth herein.

22.   Policy VI-C-5(III)(C) also provides, "employees are entitled to adequate notice and warning of the consequences of their behavior and a fair and objective investigation of the facts must be made before discipline is administered."

23.   Here, Jennifer Schrieffer was terminated without any notice or warning that her work was evidently not needed by Sheridan Electric.

24.   The written Employee Policy Handbook of Sheridan Electric provides 23 bases for the termination of an employee, none of which Jennifer Schrieffer violated during her employment with Sheridan Electric.

## COUNT VI – TERMINATION IN VIOLATION OF WRITTEN PERSONNEL POLICY NO. VI-C-6

25.   Jennifer Schrieffer hereby incorporates and reasserts each and every allegation contained in ¶¶ 1-24 above as though fully set forth herein.

26.   Sheridan Electric purported to terminate Jennifer Schrieffer because of a lack of work and purportedly because some other individual and friend of the

manager was more qualified to fulfill her position or the position as Member Service Representative. However, the termination of Jennifer Schrieffer, without providing for the opportunity for on-the-job training, violated Policy VI-C-6(II), which provides, "[e]mployees are eligible for on-the-job training and reimbursement for certain expenses in connection with off-the-job training in certain situations."

27. Jennifer Schrieffer could and would have taken advantage of on-the-job training if offered.

28. Jennifer Schrieffer was given no opportunity for this type of training.

WHEREFORE, in consideration of the foregoing, Jennifer Schrieffer prays for:

1. Damage award in excess of $75,000, exclusive of interest and costs; and

2. Such other relief as is just;

PLAINTIFF DEMANDS A JURY TRIAL.

///

///

///

///

DATED this 13th day of January, 2010.

>	**PARKER, HEITZ & COSGROVE, PLLC**
>	401 N. 31st Street, Suite 805
>	P.O. Box 7212
>	Billings, Montana 59103-7212
>
>	By: _____
>	Mark D. Parker
>	Shawn P. Cosgrove
>	Attorneys for Plaintiff